UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SUPERVALU INC.,

                            **Plaintiff,**

          -against-

**ECTACO INC.,**

                           **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**10-CV-5267 (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

After the parties consented to jurisdiction of this case by a United States Magistrate Judge, they mediated their dispute and agreed to settle the case. On May 26, 2011, the parties filed their stipulation of discontinuance, which did not provide for retention of jurisdiction to enforce the terms of their settlement agreement -- a document that was never submitted to the Court. The following day, the undersigned magistrate judge so-ordered the stipulation and dismissed the case.

Months later, on July 14, 2011, defendant moved to reopen the case, on the ground that plaintiff had violated the terms of the parties' settlement agreement by returning 50 fewer jetBook Readers than agreed upon. In an endorsed order entered that same day, the Court directed defendant to file a letter-brief to support its assumption that the Court retained jurisdiction to resolve this dispute. Defendant -- who now concedes that the Court lacks jurisdiction to enforce the terms of the settlement agreement -- urges the Court, under Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate its order of dismissal and to modify it so as to retain jurisdiction to enforce the settlement agreement. See Reply in Support of

First Motion to Reopen Case (docketed July 25, 2011) ("Def. Reply"). Plaintiff opposes the motion. See Response in Opposition (July 26, 2011) ("Pl. Opp."). For the reasons that follow, defendant's application is denied.

**DISCUSSION**

As the Supreme Court held in Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 381 (1994), a federal court lacks jurisdiction to enforce a settlement agreement in a closed case in the absence of an independent basis for jurisdiction or a dismissal order specifically reserving such authority. Accord Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40-42 (2d Cir. 1996).

Seeking to circumvent the holding in Kokkonen, and relying on out-of-circuit cases that predated Kokkonen, defendant asks the Court to vacate the order of dismissal under the catchall provision of Rule 60(b)(6), and to modify the dismissal order to include a provision for retaining jurisdiction. See Def. Reply at 2. Every court in this circuit to have addressed such an argument has refused to create an exception to Kokkonen that would effectively swallow the rule. Simply put, "[a]n alleged breach of a settlement agreement is insufficient to warrant relief under Rule 60(b)(6)," which provides for reopening cases only under "extraordinary circumstances." Diaz v. Loews N.Y. Hotel, No. 97 Civ. 2731(SAS), 1998 WL 326736, at *2 (S.D.N.Y. June 18, 1998) (citing Sawka v. Healtheast, Inc., 989 F.2d 138, 140-41 (3d Cir. 1993)); accord Collins v. Ford Motor Co., Civil No. 3:97CV757(PCD), 2007 WL 911896, at *3 n.5 (D. Conn. Mar. 22, 2007); see also Manning v. Dubois, No. 95 CIV. 1806 (JGK), 1996 WL 153950, at *2 (S.D.N.Y. Apr. 2, 1996); Hetchkop v. Finest Carpet

Workroom, Inc., No. 92 CIV. 4316 (PKL), 1995 WL 746594, at *1 (S.D.N.Y. Dec. 14, 1995); Rolex Watch, U.S.A., Inc. v. Bulova Watch Co., 820 F.Supp. 60, 62-63 (E.D.N.Y. 1993).

"Extraordinary circumstances" will be found if and only if, "without such relief, an extreme and unexpected hardship would occur"; such a showing cannot be made where, as here, defendant "may file a separate action on the settlement agreement itself." Diaz, 1998 WL 326736, at *2 (quoting Sawka); accord Collins, 2007 WL 911896, at *3 n.5. Furthermore, in this case, any claim of hardship is undermined by the following facts: defendant waited until after the case was closed to complain that there were units missing from the shipments, which had been sent weeks before the stipulation of discontinuance was filed with the Court; plaintiff has agreed to ship an additional 20 units to defendant; and the shipments were reportedly fully insured for loss and/or damage. See Pl. Opp. at 2. Under these circumstances, defendant has failed to make the requisite showing of extraordinary circumstances and extreme hardship to warrant reopening the case under Rule 60(b)(6). Defendant's motion is therefore denied.

    SO ORDERED.

Dated:    Brooklyn, New York
           August 12, 2011

                                      ROANNE L. MANN
                                      **UNITED STATES MAGISTRATE JUDGE**